## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **GWENDOLYN RODGERS** | * | **CASE NO. 23-cv-389** |
| **Plaintiff** | * | |
| **VERSUS** | * | **JUDGE** |
| **THE NEW YORK LIFE INSURANCE COMPANY** | * | **MAG. JUDGE** |
| **Defendant.** | * | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§1331, 1441, and 1446, Defendant The New York Life Insurance Company ("New York Life"), through undersigned counsel, removes to this Court Cause No. C-731092 currently pending in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana, and state as follows:

1.

On or about April 18, 2023, Plaintiff, Gwendolyn Rodgers ("Plaintiff"), filed her Petition for Breach of Contract and Damages in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, styled "*Gwendolyn Rodgers versus The New York Life Insurance Company*," (the "Petition") bearing Docket Number C-731092. ("State Court Action"). A copy of the Petition is attached hereto in accordance with 28 U.S.C. § 1446(a) as **Exhibit 1**.

2.

There is one named defendant, New York Life. The defendant was served though the Louisiana Secretary of State on April 21, 2023. A copy of the Citation and State of Louisiana Secretary of State service return is attached hereto as **Exhibit 2**. Thus, this Notice of Removal. Of this case to the United States District Court is timely filed, it being filed no more than thirty (30) days after service of the Petition, in accordance with 28 U.S.C. §§ 1441 and 1446.

### I.    THIS COURT HAS DIVERSITY JURISDICTION

3.

This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. §1332(a) and, therefore, it may be removed to this Court under the provisions of 28 U.S.C. §§ 1441 and 1446. Removal under Section 1441 is appropriate because (A) the parties to this action are citizens of different states and (B) the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

A.    **Complete Diversity of Citizenship Exists Between the Parties Under 28 U.S.C. §1332(a).**

4.

Complete diversity of citizenship exists between Plaintiff and New York Life.

5.

Plaintiff, Gwendolyn Rodgers, is a resident of Louisiana. Thus, Plaintiff is a citizen of Louisiana.

6.

New York Life is a foreign insurer with its domicile and principal place of business in New York.

7.

Accordingly, there is complete diversity between the parties.

**B.       The Amount in Controversy Exceeds the Statutory Minimum.**

8.

Further, the matter in controversy, on information and belief, exceeds $75,000.00, exclusive of interest and costs.  For federal diversity jurisdiction to exist, the amount in controversy must exceed "the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Diversity jurisdiction exists where a removing defendant establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Garcia v. Koch Oil Co. of Tex., Inc.*, 351 F.3d 636, 638-39 (5th Cir. 2003); *see also Frye v. Anadarko Petroleum Corp.*, 953 F.3d 285, 293 (5th Cir.2019).  This burden may be met if it is facially apparent from the complaint that the plaintiff's claims are likely to exceed $75,000, exclusive of interest and costs. *See Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 910 (5th Cir.2002); *see also Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001).  Statutory bad faith penalties and attorney's fees are considered when determining the amount in controversy. *See, Toney v. State Farm Lloyds*, 661 Fed.Appx. 287, 290 (5th Cir.2016); *see also Bourgeois v. AmGUARD Ins. Co.*, 2023 WL 2589693, at *5 (M.D. La. Feb. 24, 2023).

9.

In the Petition, Plaintiff alleges she is the beneficiary of AARP New York Life policy number A2282153, which insured her late husband, who died on June 4, 2021. *See* Exhibit 1, at ¶ III. Plaintiff alleges New York Life failed to comply with La. R.S. §22:905 and prematurely declared the policy lapsed. *See* Exhibit 1, at ¶VII. Additionally, Plaintiff seeks unpaid proceeds under the policy, as well as attorneys' fees, penalties, interest, and consequential damages under La. R.S. §22:1973 and La. R.S. §22:1811. *See* Exhibit 1, at ¶XI.

10.

The amount of insurance identified on the subject policy is $40,000. *See* Exhibit "3," Declaration of Tonya Thomson.

11

Plaintiff is also seeking consequential damages under La R.S. 22:1973, which includes "but not limited to annoyance, inconvenience, loss of use of funds, and emotional distress." Exhibit 1, at ¶11. Under La. R.S. 22:1973, an insurer who breaches certain duties to an insured is liable for any damages sustained as a result of the breach. Notably, Louisiana courts have awarded $50,000 or more in damages for emotional distress alone, which would be in addition to the amount of the policy, $40,000. *See Craighead v. Preferred Risk Mut. Ins. Co.*, 33,731, p. 15 (La.App. 2 Cir. 8/25/00); 769 So.2d 112, 122–23, *writ denied*, 2000-2946 (La. 12/15/00); 777 So.2d 1230; *Maldonado v. Kiewit Louisiana Co.*, 2012-1868, p. 44 (La.App. 1 Cir. 5/30/14); 152 So.3d 909, 940, *writ denied*, 2014-2246 (La. 1/16/15); 157 So.3d 1129; *Monk v. State ex rel. DOTD*, 2005-97, p. 12 (La.App. 3 Cir. 6/29/05); 908 So.2d 688, 697 (affirmed awarding damages of $75,000 for emotional distress).

12.

Additionally, Plaintiff is seeking penalties under La. R.S. 22:1973, which in addition to any general or special damages awarded to a claimant for breach of the imposed duty, provides that a claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater. Plaintiff is also seeking to recover penalties under La. R.S. 22:1811, which allows for 8% per annum of the amount of the policy until paid. Lastly, Plaintiff is seeking attorney's fees for any amount recovered.

13.

Plaintiff has not submitted a binding stipulation stating that she will not accept damages in excess of the jurisdictional amount. *See Espinola-E v. Coahoma Chemical Co.*, 248 F.3d 1138, 2001 WL 85834, at *2 (5th Cir. 2001); *St. Paul Reinsurance Co., Ltd. v. Greenberg,* 134 F.3d 1250, 1254 (5th Cir. 1998). Accordingly, it is apparent from both the Petition and the facts of this case that the amount in controversy exceeds $75,000, exclusive of interest and costs.

## II.     THE REMOVAL IS PROCEDURALLY CORRECT

14.

This Notice of Removal is timely under the provisions of 28 U.S.C. 1446(b) because New York Life is filing this Notice within 30-days of the defendant having received the Petition.

15.

Venue for removal is proper in the Middle District Court of Louisiana under 28 U.S.C. §1441(a) because this district embraces the Nineteenth Judicial District Court for the Parish of

East Baton Rouge, State of Louisiana, the forum in which the removed action was pending.

16.

Thus, this Court has original jurisdiction over this action, and this case may be properly removed to this Court pursuant to 28 U.S.C. § 1441(a), in that the captioned matter is a "civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states."  28 U.S.C. § 1332(a).

17.

Promptly after filing this Notice of Removal with the Court, New York Life will file written notice of the filing with the Clerk of Court for Nineteenth Judicial District Court, Parish of East Baton Rouge, in satisfaction of 28 U.S.C. §1446(d). (The Notice of Filing Notice of Removal is attached as Exhibit "4.")

WHEREFORE, Defendant The New York Life Insurance Company prays that this matter be removed to the United States District Court for the Middle District of Louisiana for further proceedings and disposition.

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**


BY: */s/ Tessa P. Vorhaben*
    TESSA P. VORHABEN (#31293)
    KENNARD B. DAVIS (#38181)
    201 St. Charles Avenue, Suite 3600
    New Orleans, Louisiana 70170
    Telephone: (504) 566-5200
    Facsimile: (504) 636-4000
    Email   tvorhaben@bakerdonelson.com
           kbdavis@bakerdonelson.com

**ATTORNEYS FOR THE NEW YORK LIFE
INSURANCE COMPANY**


### CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing document was served via-email to the following counsel of record on May 19, 2023:


David C. Pellegrin, Jr. (#34957)
3500 North Hullen Street
Suite 17D
Metairie, LA 70002
dpellegrin@pellegrinfirm.com
Attorney for Plaintiff Gwendolyn Rodgers


    */s/ Tessa P. Vorhaben*
    TESSA P. VORHABEN